No. 90-400

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

        Plaintiff and Respondent,

   -vs-

WESLEY PAUL JOHNSON,

        Defendant and Appellant,

and

ANN JOHNSON,

        Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable Jack L. Green, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          J. Dirk Becarri, Public Defender, Missoula, Montana;
          Margaret L. Borg, Public Defender, Missoula,
          Montana; Marcia Jacobsen, Public Defender,
          Missoula, Montana.

      For Respondent:

          Marc Racicot, Attorney General, Helena, Montana;
          Micheal S. Wellenstein, Assistant Attorney General,
          Helena, Montana; Robert L. Deschamps, County
          Attorney, Missoula, Montana.

FILED

DEC 3 - 1991

*Ed Smith*
Filed: CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on briefs: October 10, 1991

Decided: December 3, 1991

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Wesley Paul Johnson and Ann Johnson (collectively referred to as Defendants) appeal their convictions for criminal mischief following a jury trial in the Fourth Judicial District, Missoula County. We reverse and remand. Defendants present the following issues:

1. Did the District Court err when it denied Defendants' motions to exclude evidence of other acts?

2. Did the District Court err when it denied Defendants' motions for a directed verdict and for a new trial?

On March 11, 1988, Wesley Paul Johnson and his mother, Ann Johnson, were individually charged by information with arson, or in the alternative, criminal mischief, in connection with an August 21, 1987 fire that destroyed a mobile home at 2323 Suzanne Court in Missoula, Montana. Both pled not guilty to these charges on March 31, 1988. On April 14, 1988, the State moved to consolidate the Defendants' cases; the District Court granted this motion on May 19, 1988.

On August 9, 1988, the State filed a notice of intent to rely on the following other crimes evidence:

> Late 1970's - Kalispell, Montana, Highway 2, duplex fire in which the entire building burned where Defendant, Wesley Johnson, was residing.

> January 23, 1980 - Billings, Montana, 3110 Old Hardin Road, fire occurred at 0748 in the living room of mobile home owned and occupied by Defendant, Wesley Johnson.

2

The local fire department lists the cause as a cigarette discarded in an upholstered sofa.

August 9, 1980, Billings, Montana, 3925 Bobolink, fire occurred at 2331 in the bedroom of a single family residence occupied by Defendant, Ann Johnson. The cause was listed as undetermined.

December 3, 1984 - Billings, Montana, 5046 Danford Drive, fire occurred in a vacant mobile home. The mobile home was owned by Defendant, Wesley Johnson. The investigation revealed that a petroleum product was used in one of the bedrooms in an attempt to spread the fire.

July 29, 1985 - Missoula, Montana, 2439 1/2 MacDonald, fire occurred at 1823 in a garage used as an automotive repair shop operated by Wes Johnson. The fire was attributed to sparks from [an] acetylene torch igniting a box of rags.

March 30, 1987 - Quincy, Washington, Lazy Acres Mobile Home Park, fire occurred at 2255 in a mobile home owned by Defendant, Wesley Johnson, and occupied by Ann Johnson. The fire was attributed to a cigarette being dropped into a box of clothes that Defendant, Ann Johnson, had been folding.

August 21, 1987 - Missoula, Montana, 2325 [sic] Suzanne Court fire occurred at 0259 in a mobile home owned by Defendant, Wesley Johnson, and occupied by Defendant, Ann Johnson. The fire was originated near a stack of folded clothes on the floor and on a love seat. The occupant Defendant, Ann Johnson, had been drinking coffee and smoking while folding clothes.

Defendants filed a motion in limine objecting to the introduction of these prior fires. On October 26, 1988, the District Court denied Defendants' motion in limine, and allowed the State to introduce into evidence all but the late 1970's fire in Kalispell, Montana.

3



The jury trial commenced on December 5, 1989. As conceded in the State's brief, no direct evidence was presented at trial that linked Defendants with intentionally causing the August 21, 1987 mobile home fire. After three days of trial, Defendants moved for a directed verdict on the charges against them. The District Court granted Defendants' motions for directed verdict on the arson charges, but denied their motions on the criminal mischief charges. The jury later found Defendants guilty of criminal mischief.

On April 25, 1990, the District Court sentenced both Defendants to five years imprisonment with all five years suspended. From these convictions, Defendants appeal.

1. Did the District Court err when it denied Defendants' motions to exclude evidence of other acts?

The District Court allowed the admittance of five prior fires as other crimes evidence. Defendants were never charged with any wrongdoing regarding these fires, and no evidence exists in the record that proves that Defendants intentionally caused them. Defendants argue that the prejudicial value of these prior fires outweighed its probative value as this evidence left the jury with the impression that Defendants had on five past occasions caused fires and escaped punishment. Defendants further argue that "the mere occurrence of fires . . . do[es] not establish a common method of operation in committing the crime charged."

4

We hold that the admittance of these prior fires unfairly prejudiced the Defendants as no evidence exists that links Defendants with intentionally causing these prior fires. Therefore these prior fires cannot be considered other crimes, wrongs or acts under Montana Rules of Evidence 403 and 404(b). We reverse and remand this case; in the event of a new trial, the District Court is to omit these prior fires as other crimes, wrongs or acts evidence. Because we have found reversible error in this first issue, we decline to discuss Defendants' second issue.

Reversed and remanded.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

5